UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARIA ADELINA VARGAS A/K/A MARIA VARGAS,<br><br>Plaintiff,<br><br>v.<br><br>MARLETTE FUNDING, LLC D/B/A BEST EGG A/K/A BEST EGG PERSONAL LOANS,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 21-00667<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes MARIA ADELINA VARGAS A/K/A MARIA VARGAS ("Plaintiff"), by and through her attorney, WAJDA & ASSOCIATES, PC, complaining as to the conduct of MARLETTE FUNDING, LLC D/B/A/ BEST EGG A/K/A BEST EGG PERSONAL LOANS, ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collections Practices Act, ("FDCPA") under 15 U.S.C. §1692 *et seq.,* the Telephone Consumer Protection Act, ("TCPA") under 47 U.S.C. §227, *et seq.*, and the Texas Debt Collection Practices Act, ("TDCP") pursuant to Texas Finance Code Chapter 392 *et seq.,* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the

laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff, is an adult female consumer presently residing within Wilson County, Texas, which is located within the Western District of Texas.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is the developer and operator of the "Best Egg" consumer lending on-line platform, and describes itself as a financial technology provider on a mission to find better ways to make money accessible to help people achieve their goals and enjoy life.  The company claims that since March of 2014, the on-line loan platform has delivered over $11 Billion worth of loans.  Defendant lists its main office being located at 1523 Concord Pike, Suite 201, Wilmington, DE 19803.

7. Defendant is regularly engages in the collection of debts as principal component of its business.

8. Defendant  is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives and insurers at all times relevant to the instant action.

10. Defendant was collecting on behalf of an account that was originally owed to Cross River Bank.

11. Respondent is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

12. Plaintiff reserves the right to amend the Complaint should pertinent facts become known at a later time.

### FACTS SUPPORTING CAUSES OF ACTION

13. The instant action arises out of Defendant's attempts to collect upon an alleged outstanding consumer debt obligation, which Defendant claims is owed by the Plaintiff. Plaintiff brings this action against Defendant for its abusive and outrageous conduct in connection with debt collection activity.

14. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

15. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

16. The FDCPA was designed to prevent the abusive and deceptive collection practices by debt collectors. The purpose of the FDCPA was to eliminate abusive debt collection practices by debt collectors.

17. The FDCPA regulates the behavior of "debt collects" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a).

18. The FCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantages, and to promote uniform State action to protect consumers against debt collection abuses." 15. U.S.C. § 1692(e).

19. The FDCPA, under 15 U.S.C. § 1692g(a) requires disclosure of certain information either in a debt collector's initial communication or within five days after the initial communication.

20. The TDCP is the state-sided counterpart to the FDCPA.

21. Plaintiff applied for, and obtained, an unsecured loan with Cross River Bank in 2020.

22. Plaintiff believes her loan with Cross River Bank was transferred to Defendant for collection and/or servicing shortly after receipt of the loan funds.

23. The loan Plaintiff took was extended primarily for personal, family or household purposes and is therefore a "debt" as that terms is defined by the FDCPA and the TDCP.

24. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of the FDCPA and the TDCP.

25. Because Plaintiff is a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of the FDCPA and the TDCP.

26. Plaintiff is informed and believes Defendant is one who regularly collects or attempts to collect debts on behalf of themselves and on behalf of others, and is therefore a "debt collector" within the meaning of the FDCPA and the TDCP, and thereby engages in "debt collection"

within the meaning of the FDCPA and the TDCP, and is also therefore a "person" within the meaning of those statutes.

27. Plaintiff was making payments on the account for some time before she became financially unable to keep up with the monthly payments.

28. Defendant began contacting Plaintiff in March of 2021 to inquire about the status of the account and to collect on the payments that were no longer being made.

29. Plaintiff retained counsel to assist in dealing with Defendant's debt and to seek some type of financial relief.

30. Counsel for Plaintiff sent Defendant a certified letter confirming representation of Plaintiff and informing Defendant it was to no longer contact Plaintiff directly and all calls/letters/collection efforts were to no longer be directed at Plaintiff.

31. The contents of the letter also informed Defendant that Plaintiff was withdrawing her consent to be contacted on her cellular telephone.

32. Counsel for Plaintiff sent the certified letter of representation to Defendant on March 9, 2021.

33. Defendant received Plaintiff's letter of representation and revocation on March 12, 2021.

34. Despite Defendant receiving the notice of representation and revocation of consent, Defendant continued to contact Plaintiff on her cellular telephone.

35. Defendant also continued to text Plaintiff collection demands.

36. Defendant made multiple calls to Plaintiff between the period of March 24, 2021 and April 10, 2021, despite being aware Plaintiff was represented by counsel and had revoked her consent to be called on her cellular telephone.

37. Defendant would sometimes call Plaintiff numerous times each day demanding payment on the account as Claimant received over thirty-seven (37) calls in a seventeen (17) day period.

38. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

39. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

40. Defendant's calls were frequent in nature and continued despite receiving written confirmation Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone were to stop.

41. Defendant also sent Plaintiff six (6) text message demands for payment between the period of March 16, 2021 and April 1, 2021 despite Defendant being notified Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

42. Defendant, upon information and belief, purposefully, intentionally, wantonly and/or negligently violated Plaintiff's protected consumer rights.

43. Defendant's actions, regardless of intent, were deceptive, unfair, misleading, harmful and inappropriate.

44. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, confusion and aggravation.

45. Defendant's misleading and deceptive conduct materially impacted and shaped Plaintiff's reactions and course of conduct in response to Defendant's collection efforts.

46. Plaintiff has suffered actual financial loss from the unlawful conduct of Defendant, including being assessed interest and/or fees, thus unnecessarily expending costs and assets in dealing with Defendant's conduct.

47. Plaintiff has also suffered mental anguish, pain and suffering as result of the Defendant's conduct.

48. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and have further suffered a violation of their state and federally protected substantive interests as a result of Defendant's conduct.

49. Finally, Plaintiff believes Defendant's conduct and collection tactics may be part of a scheme or practice to deceive and harm other consumers similarly situated as themselves.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiff repeats and alleges paragraphs 1 through 49 as though fully set forth herein.

51. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

52. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent accounts, including consumer accounts.

53. Defendant, as part of its regular business, engages in the collection or attempts to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary aspect of its business.

54. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of an obligation for money, goods, insurance, or services for primary personal, family, or household purposes.

**a. Violations of the FDCPA §§ 1692c(a)(2) and 1692e(10).**

55. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(2), prohibits a debt collector from directly contacting a consumer after it knows the consumer to be represented by an attorney.

56. Defendant violated 15 U.S.C. §1692c(a)(2) by continuing to make demands for payment directly to Plaintiff after it received the March 9, 2021 notice of representation and revocation of consent letter from Plaintiff's attorney.

56. In addition, 15 U.S.C.§1692e(10), prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debtor to obtain information concerning a consumer.

57. Defendant violated 15 U.S.C. §1692e(10), by continuing to further collect this debt when it knew or should have known it had no longer had the legal right to do so by directly contacting the Plaintiff.

58. Defendant violated Plaintiff's statutorily provided rights and engaged in conduct in direct violation of the FDCPA per Fifth Circuit precedent.

WHEREFORE, Plaintiff MARIA ADELINA VARGAS A/K/A MARIA VARGAS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 to be paid by Defendant as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees to be paid by Defendant as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff or engaging in any further attempts to collect on this debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

59. Plaintiff repeats and realleges paragraphs 1 through 58 as though fully set forth herein.

60. Defendant was informed Plaintiff revoked her consent to be contacted by Defendant on March 9, 2012 and said revocation was received by Defendant on March 12, 2021.

61. Defendant called Plaintiff in excess of thirty-seven (37) times since Plaintiff withdrew her consent to be contacted by an automatic dialing machine.

62. Plaintiff sent a certified notice to Defendant that explicitly informed Defendant she was issuing her revocation of her permission to be contacted on her cellular telephone, and to the extent it had previously been given, said permission was being revoked.

63. However, Defendant would continue to contact Plaintiff daily regarding payment on the accounts.

64. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

65. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

66. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

67. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine on March 9, 2021 and said revocation was received by Defendant on March 12, 2021.

68. These telephone calls by Respondent, or its agent, violated 47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff MARIA ADELINA VARGAS A/K/A MARIA VARGAS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.  Awarding Plaintiff An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each violation;

    c.  Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

    d.  Awarding Plaintiff costs and reasonable attorney fees to be paid b

    e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – INTRUSION UPON SECLUSION

69.  Plaintiff repeats and realleges paragraphs 1 through 68 as though fully set forth herein.

70.  Defendant called Plaintiff in excess of thirty-seven (37) times since Plaintiff withdrew her consent to be contacted by an automatic dialing machine.

71.  These telephone calls by Respondent, or its agent, violated 47 U.S.C. §227(b)(1)(A)(iii).

72.  According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

73.  Defendant intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

74.  Defendant intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

75.  Plaintiff has a reasonable expectation of privacy in her solitude, seclusion, and/or private concerns and affairs.

76.  These intrusions and invasions against Plaintiff by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

77. Defendant received notice stating that it was no longer to contact Plaintiff as she was represented by counsel and revoked her consent to be contacted on her cellular telephone.

WHEREFORE, Plaintiff MARIA ADELINA VARGAS A/K/A MARIA VARGAS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages as will be proven at hearing, which are cumulative and in addition to all other remedies provided for in any other cause of action;

c. Awarding Plaintiff costs and reasonable attorney fees to be paid by Defendant;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT IV – VIOLATIONS OF THE TEXAS DEBT COLLECTIONS PRACTICES ACT**

78. Plaintiff repeats and realleges paragraphs 1 through 77 as though fully set forth herein.

79. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

80. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

81. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    **a. Violations of TDCA § 392.302(4)**

82. The TDCA, pursuant to Tex. Fin. Code. § 392.302(4) prohibits a debt collector from "causing a telephone to ring repeatedly or continuously or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

83. Defendant violated § 392.302(4), by calling Plaintiff in excess of thirty-seven (37) times in a seventeen (17) day period after Plaintiff expressly withdrew her consent to be contacted by an automatic dialing machine.

WHEREFORE, Plaintiff, MARIA ADELINA VARGAS A/K/A MARIA VARGAS, respectfully request this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiffs to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiffs actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiffs punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b); and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 13, 2021            Respectfully submitted,

                                                  s/ Nicholas M. Wajda        (Lead Attorney)
                                                  Nicholas M. Wajda, Esq. #24106757
                                                  Counsel for Plaintiffs
                                                  Admitted in the Western District of Texas
                                                  Wajda & Associates, PC
                                                  10000 North Central Expressway, Suite 400
                                                  Dallas, Texas 75231
                                                  (888) 297-6203
                                                  (phone)
                                                  (866) 286-8433 (fax)
                                                  nick@wajdalawgroup.com